IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN ALFORD,

                      Plaintiff,

  v.

LORI REGNI and EVAN MILLER,

                      Defendants.

OPINION and ORDER

18-cv-933-jdp

---

Pro se plaintiff Stephen Alford has filed a complaint about a series of events in New Mexico. But it is not clear from the allegations in the complaint whether the court may exercise jurisdiction over the case. And a court may not allow a case to proceed before determining whether the court has jurisdiction, even if none of the parties raise the issue. *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011) ("[W]e have an independent obligation to satisfy ourselves that jurisdiction is secure before proceeding to the merits."). So I will give Alford an opportunity to file supplemental materials that provide the needed information.

Alford relies on 28 U.S.C. § 1332 as a basis for jurisdiction. He also says that his lawsuit is "expandable in the course of discovery to jurisdiction under 18 USC sec. 1961–1968 (RICO), and in violation of Plaintiff's civil rights 28 USC sec. 1981." Dkt. 1, ¶ 2. But he seems to acknowledge that there is no basis *in the complaint* for a claim under either statute and I do not see any basis, so I will focus on § 1332.

A court may exercise jurisdiction under § 1332 if the plaintiff and defendants are citizens of different states and the amount in controversy is more than $75,000. In this case, Alford has not shown either of these things.

As for diversity of citizenship, Alford alleges that he "resides" in Iowa; Regni is "a resident" of Wisconsin; and Miller "resides in the State [o]f Israel." Dkt. 1, ¶¶ 6–8. But these allegations are not sufficient. It is well established that citizenship is determined by *domicile*, not mere residence. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."). A party is domiciled in the state where he or she intends to live long term. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Alford does not include any allegations in the complaint about any of the parties' domicile.

Even if I could infer at this stage of the case that each party is domiciled where he or she resides, events after Alford filed his complaint call into question his allegation about his and Miller's residences. Alford alleges that he lives in Des Moines, Iowa. But when the court sent Alford mail to the address he provided, the postal service returned the mail as undeliverable. Dkt. 7. Alford still received the material because he is registered for e-filing, but the returned mail raises the question of where Alford actually lives. Apart from jurisdictional questions, Federal Rule of Civil Procedure 11(a) requires parties to sign documents and include their address with any court filing. Alford alleges that Miller lives in Israel, but the waiver of service form that Miller completed and returned to the court provides a New Mexico address. Dkt. 5. Without more information about where the parties are actually domiciled, the court cannot exercise jurisdiction over the case.

If Miller *does* live in Israel, that presents another problem because § 1332 treats parties who live in foreign countries differently from parties who live in another state. If a party is a "citizen[] or subject[]" of a foreign country, § 1332 allows the court to exercise jurisdiction if: (1) that party is not "lawfully admitted for permanent residence in the United States and [not]

2

domiciled in the same State" as the plaintiff; or (2) regardless where the foreign citizen is domiciled, the plaintiff is diverse from the remaining defendants. 28 U.S.C. § 1332(a)(2) and (3). But § 1332(a)(2) and (3) do not apply if the party is a citizen of the foreign country *and* the United States. *Buchel Ruegsegger v. Buchel*, 576 F.3d 451, 453–55 (7th Cir. 2009). And if the party is a citizen of the United States (or a dual citizen) and only *domiciled* in a foreign country, the court cannot exercise jurisdiction under § 1332 at all. *Winforge*, 691 F.3d at 867 (7th Cir. 2012) ("[A] United States citizen who establishes domicile in a foreign country is no longer a citizen of any State of the United States and destroys complete diversity under 28 U.S.C. § 1332."). So Alford must provide the court information about Miller's domicile *and* his national citizenship.

Yet another problem is that Alford's allegations do not show that the amount in controversy is more than $75,000. It is difficult to follow many of his allegations, but the only concrete harm he seems to allege is that defendant Regni "stole[] artwork" from him. Dkt. 1, at 1. He does not describe the artwork or explain why he believes it is worth more than $75,000. He also alleges that he was barred from a home where he was living, but he appears to admit that he was simply an invitee in the home. Although he says that he was a "permanent houseguest," *id.*, ¶ 13, he doesn't identify a possessory interest in the property or other legal right to remain there. Without additional allegations showing that the amount in controversy in this case is more than $75,000, that is a separate reason why the court cannot exercise jurisdiction over the case.

ORDER

IT IS ORDERED that plaintiff Stephen Alford may have until December 27, 2018, to file supplemental materials with the court showing that the court may exercise jurisdiction over this case under 28 U.S.C. § 1332, as described in the opinion. If Alford fails to respond by that date, the court will dismiss the case for lack of jurisdiction.

Entered December 13, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge