IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN ALFORD,

                              Plaintiff,

v.

LORI REGNI and EVAN MILLER,

                              Defendants.

OPINION and ORDER

18-cv-933-jdp

---

Pro se plaintiff Stephen Alford has responded to the court's order to show cause why the case should not be dismissed for lack of jurisdiction. Dkt. 8. Also before the court are two third-party complaints filed by defendant Evan Miller, one against Randall Bell and one against USAA. Because Alford's supplement does not cure all the jurisdictional defects in his complaint, I will dismiss the case. And because Miller's third-party complaints are contingent on a finding of liability against Miller, they will be dismissed as well.

BACKGROUND

Alford's complaint is not easy to follow, but here is the gist as I understand it. Defendant Evan Miller and Robert Regni invited Alford to live with them in 2013 at their home in New Mexico. Alford says that he was "a permanent houseguest." Dkt. 1, ¶ 13(b). After Robert Regni died in 2015, Alford continued to live with Miller at the same home. *Id.* But this ended in July 2016, when Miller "was arrested" for reasons that Alford doesn't explain. *Id.*, ¶ 16. Defendant Lori Regni (Robert's sister) "burglarized" the home, taking some of Alford's artwork. *Id.* Lori Regni is now preventing Alford from living at the home, falsely telling New Mexico law enforcement that "the Regni family" owns it. *Id.*, ¶ 24.

I screened the complaint to determine whether Alford adequately alleged a basis for jurisdiction. He relied solely on 28 U.S.C. § 1332, which applies when the plaintiff and defendants are citizens of different states and the amount in controversy is more than $75,000.[1] But the allegations did not show that the parties were diverse or that more than $75,000 was at stake.

As for diversity, Alford alleged that he "resides" in Iowa; Regni is "a resident" of Wisconsin; and Miller "resides in the State [o]f Israel." Dkt. 1, ¶¶ 6–8. But allegations of residency are not sufficient; citizenship is determined by domicile, which is where the party intends to live long term. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014); *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

As for the amount in controversy, I could discern only two concrete injuries alleged in the complaint: the loss of artwork and the loss of Alford's use of the New Mexico home. But Alford did not describe the artwork or explain why he believes it is worth more than $75,000. And he did not identify a possessory interest in the home or other legal right to remain there, so I could not infer that he was entitled to any compensation for being barred from the home.

I directed to Alford to show cause why the case should not be dismissed for lack of jurisdiction. In the meantime, defendant Miller filed two third-party complaints, one against Randall Bell (an alleged co-conspirator with Lori Regni) and one against USAA (an insurance company that had refused to defend Alford in this case).

---

[1] Alford also said that the court's jurisdiction would be "expandable in the course of discovery to jurisdiction under 18 USC sec. 1961-1968 (RICO), and in violation of Plaintiffs' civil rights 28 USC sec. 1981." Dkt. 1, ¶ 2. But he did not contend that his allegations stated a claim under any federal law and I saw no basis for such a claim. Although he continues to refer to "racketeering" in his supplement, he still does not explain what he means by that or otherwise show that he satisfies the elements for a civil RICO claim.

Alford has responded to the court's order with a supplemental filing. Dkt. 9.

ANALYSIS

Alford's supplement filing fixes some of the jurisdictional problems noted by the court, but not all of them. As for diversity of citizenship, he alleges in his supplement and a declaration under defendant Miller's signature that Alford is domiciled in Iowa and that Miller lives in Israel temporarily but is domiciled in New Mexico because that is where he intends to live long term. Dkts. 9–11. That is sufficient at the pleading stage to establish Alford's and Miller's domicile. But Alford includes no new information about Lori Regni's domicile, not even a conclusory allegation. So Alford has failed to adequately allege diversity of citizenship.

As for the amount in controversy, Alford provides no information about the value of the lost artwork. So I have no basis to infer that Alford could recover more than $75,000 on that claim.

Alford focuses instead on his loss of use of the New Mexico home. His claim seems to rest on a belief that Miller owns an insurance policy that gives any member of his household a right to compensation if that person is unable to live in the home. In his supplement, Alford says that Miller's declaration:

> confirms [Alford's] belief that I am owed damages for "loss of use," as provided for in the insurance he maintained for himself and members of his household at the rate of $125 per day from July 18, 2016 until we were permitted to return in his award, confirming legal and equitable title in Evan Miller, by consent judgment, of the New Mexico District Court dated February 14, 2018, (575 X $135= $77,625 ) $ 77,625 damages for loss of use alone exceeding the jurisdiction amount in controversy threshold.

Dkt. 9, ¶ 7.

There are multiple problems with this allegation. As an initial matter, Miller's declaration says nothing about an insurance policy that provides benefits to a "member of the household" who is deprived of using the home. Dkt. 10-7 and Dkt. 10-8. In fact, Miller's declaration does not mention an insurance policy. Miller does refer to an insurance policy in one of his third-party complaints, but documents attached to the complaint show that it is a renters policy covering accidents that cause "bodily injury" or "property damage." Dkt. 12-1. Neither those documents nor the allegations in Alford's and Miller's complaints provide any basis for inferring that Alford is entitled to damages under Miller's policy.

In any event, any claim for coverage under the policy would be a claim against the *insurer*. Alford does not allege that Miller is withholding benefits from him. Rather, Alford admits in his complaint that Miller has "never himself abrogated the promises he and Robert made to Stephen Alford." Dkt. 1, ¶ 25. This suggests that there is no real dispute at all between Alford and Miller, let alone a legal claim potentially worth more than $75,000. Although Alford does blame Lori Regni for his inability to live in the home, he does not allege that she has anything to do with denying him insurance benefits.

The bottom line is that Alford hasn't identified viable claim against Regni or Miller related to Alford's loss of use of the New Mexico home. This leaves Alford's claim against Regni for the stolen art. But because he has neither shown that his citizenship is diverse from Regni's nor alleged any facts about the economic value of the art, I cannot exercise jurisdiction over that claim.

I will briefly address two other points raised in the parties' filings. First, Miller says that the amount in controversy is more than $75,000 because he is in "current negotiations to settle [Alford's] just claims against [Miller] for a sum in excess of that amount." Dkt. 10-8. But the

question in determining the amount in controversy is not how much a defendant offers to pay, but how much a plaintiff may be legally entitled to receive. *See McCormick v. Independence Life & Annuity Co.*, 794 F.3d 817, 818–19 (7th Cir. 2015). As discussed above, Alford has not stated a plausible claim against Miller. The fact that Miller is willing to settle with Alford anyway is simply additional evidence that there is no real controversy between Miller and Alford. "Federal subject-matter jurisdiction cannot be conferred by collusion or consent." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy*, LLC, 589 F.3d 881, 886 (7th Cir. 2009).

Second, Alford says that his "life . . . hangs in the balance" as he "struggle[s] to provide food and shelter" for himself and that he has suffered "trauma" as a result of the events alleged in his complaint. Dkt. 9, ¶¶ 10, 12. I sympathize with Alford's plight, but a federal court cannot exercise jurisdiction in the absence of a claim that provides a basis for doing so. Alford is free to seek relief in state court against Regni for the alleged theft of his artwork, but he has not shown that this court may exercise jurisdiction over his case.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly.

Entered January 18, 2019.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge